# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JESSES DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHNNY WILLIAMS, et al., | ) Case No. 1:05 CV 0001 ERW |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss [doc. #9] and Defendants' Motion for Summary Judgment [doc. #15]. On February 2, 2006, the Court issued an Order directing Plaintiff to respond to Defendants' Motion to Dismiss and Motion for Summary Judgment within twenty days of the date of the Order. Plaintiff has not filed a response to either motion. The court has considered all documents submitted by Defendants and will thus dispose of this matter under the standards applicable to a motion for summary judgment.

**I. BACKGROUND**

Plaintiff filed suit on January 3, 2005, pursuant to 42 U.S.C. § 1983, alleging Defendants had violated his civil rights. In his Complaint, filed pro se, Plaintiff alleges that Defendants, officials at Southeast Correctional Center ("SECC"), violated his Due Process rights when they transferred him to Jefferson City Correctional Center ("JCCC") without a formal hearing. Plaintiff also claims that his Due Process rights were violated when Defendants prevented him

- 1 -

from exhausting his administrative remedies. Finally, Plaintiff alleges that he was subjected to "harsh and cruel & unusual treatments" in violation of the Eighth Amendment.

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed because Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. Defendants next argue that even if Plaintiff had sued Defendants in their individual capacities, Plaintiff's Complaint should still be dismissed because Defendants are entitled to qualified immunity. Defendants finally argue that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies.

In their Motion for Summary Judgment, Defendants argue that Plaintiff's claims should be dismissed for the following reasons: (1) his claims for damages against Defendants are barred by the Eleventh Amendment and his claim for injunctive relief is moot; (2) Plaintiff's Complaint fails to comply with Rules 10 and 11 of the Federal Rules of Civil Procedure; (3) Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997(a); (4) Plaintiff has not stated a First Amendment retaliatory transfer claim; (5) Plaintiff fails to state a denial of access to courts claim; (6) Plaintiff's allegation of verbal harassment does not state a violation of his constitutional rights; (7) Plaintiff fails to state an equal protection violation; (8) Plaintiff fails to state a due process violation; (9) Plaintiff's conspiracy claims must fail as a matter of law; (10) respondeat superior cannot form the basis for liability in a §1983 action; and (11) Defendants are entitled to qualified immunity.

## II. STANDARD OF REVIEW

A court may grant summary judgment when no issue of material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c) (2005). A fact

is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the nonmovant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510. The nonmovant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court has found that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Id. at 327, 106 S. Ct. at 2555 (quoting Fed. R. Civ. P. 1). While a court may not automatically grant summary judgment based upon an unopposed motion, it may do so if it satisfies "itself that on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." Noland v. Commerce Mortgage Co., 122 F.3d 551, 553 (8th Cir. 1997).

**III. DISCUSSION**

As noted above, Defendants first argue in their Motion for Summary Judgment that Plaintiff's claims for damages against Defendants are barred by the Eleventh Amendment and his claim for injunctive relief is moot. The court finds this argument to be persuasive. The Eleventh Amendment bars suits brought under 42 U.S.C. § 1983 against the state or state officials acting in their official capacity. See Morstad v. Dep't. of Corr. and Rehab., 147 F.3d 741, 743 (8th Cir. 1998). The Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities. See Murphy v. Arkansas, 127 F.3d 750, 754 (8th Cir. 1997). However, "if a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); see also Murphy, 127 F.3d at 754. Although other circuits have adopted a more lenient pleading rule, "we believe that our rule is more consistent with the Supreme Court's Eleventh Amendment jurisprudence." Murphy, 127 F.3d at 755. The Eleventh Amendment does not, however, bar actions against state officials acting in their official capacities when sued for prospective injunctive relief to prevent future violations of federal law. See Murphy, 127 F.3d at 754; Treleven v. Univ. of Minn., 73 F.3d 816, 819 (8th Cir. 1996).

In the instant case, Plaintiff's Complaint is silent as to the capacity in which each Defendant is being sued. As such, the court interprets Plaintiff's Complaint as asserting claims against Defendants in only their official capacities, and, as such, Plaintiff's claims for damages against Defendants are barred by the Eleventh Amendment.

In his Complaint, Plaintiff indicates that he is also seeking injunctive relief against Defendants. Plaintiff, however, is no longer confined at SECC. Thus, no threat of future violations exists at that institution to warrant injunctive relief. Plaintiff's claim for injunctive relief

is, therefore, moot. Further, Plaintiff stated in his deposition that he was not seeking injunctive relief. For these reasons, Plaintiff's claims against Defendants are barred by the Eleventh Amendment, and summary judgment will be entered in favor of Defendants and against Plaintiff. Because the Court has found that Plaintiff's claims are barred by the Eleventh Amendment, it need not consider Defendant's remaining arguments in support of its Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [doc. #15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss [doc. #9] is **DENIED as Moot**.

An appropriate Order of Dismissal will accompany this Order.

Dated this 2nd day of March, 2006.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE